**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHELE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-03004-CV-S-DPR |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court are Defendant Social Security Administration's Motion to Stay Case Pending Proper Service on Other Defendants (doc. 18) and Motion for Extension of Time to File the Answer and/or Electronic Certified Administrative Record (doc. 24).

As an initial matter, the Court finds it appropriate to clarify the procedural posture of this case. Plaintiff's September 18, 2026 filing makes clear that Plaintiff is not seeking judicial review of a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Rather, Plaintiff asserts claims arising from the alleged unauthorized withholding and payment of Social Security funds and characterizes her claims as including violations of her constitutional and civil rights. (Doc. 19.) The Commissioner likewise acknowledges that this is not an action challenging a "final decision" of the Commissioner within the meaning of § 405(g). (Doc. 18.)

Accordingly, this case shall proceed as an ordinary civil action governed by the Federal Rules of Civil Procedure and the Court's generally applicable Local Rules. The Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) do not apply. Likewise, Local Rule 9.1, which governs actions seeking review of a final decision of the Commissioner under § 405(g), does not apply.

The Commissioner requests that the Court stay this case until the remaining defendants are either properly served or dismissed. A district court possesses inherent authority to stay proceedings as part of its power to control the disposition of matters on its docket, but in exercising that authority the Court must "weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). The party seeking a stay bears the burden of establishing the need for one. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Court finds that burden has not been met. Although the remaining defendants have not yet been served, their present absence from the case does not require that proceedings against the Commissioner be stayed. Service upon the remaining defendants may proceed while the Commissioner responds to Plaintiff's Amended Complaint, and the Commissioner has not demonstrated that proceeding in that manner would cause sufficient hardship or prejudice to warrant a stay. Nor does the Court find that the interests of judicial economy justify staying the entire case pending completion of service.

Accordingly, Defendant's Motion to Stay Case Pending Proper Service on Other Defendants (doc. 18) is **DENIED**.

The Court nevertheless finds good cause to allow the Commissioner additional time to respond to Plaintiff's amended complaint. Defendant's Motion for Extension of Time (doc. 24) is therefore **GRANTED**. The Commissioner shall answer or otherwise respond to Plaintiff's Amended Complaint on or before **December 1, 2026**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 5, 2026