**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHELE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-03004-CV-S-DPR |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are Plaintiff's Motion for Entry of Default (doc. 21) and Renewed Motion for Default Judgment (doc. 22). Plaintiff asks the Court to enter default and default judgment because she believes Defendants failed to answer, plead, or otherwise defend in this case by the applicable deadline. However, the record does not show that any Defendant is presently in default.

Plaintiff is correct that on August 26, 2026, the Court observed that "the Social Security Administration's answer remains due on or before September 23, 2026." (Doc. 16.) However, on September 18, 2026, prior to that deadline, Plaintiff filed an Amended Complaint. Therefore, per Rule 15(a)(3), the Social Security Administration's time to respond was extended by 14 days after the filing of the Amended Complaint, to October 2, 2026. Plaintiff then filed the present motions on September 25, 2026, and the Social Security Administration's time to respond to the Amended Complaint had not expired at that time. In addition, the Social Security Administration had already appeared in this case and filed a motion to stay the proceedings, showing its intent to defend. And the Court has since granted the Social Security Administration an extension of time, to December 1, 2026, to answer or otherwise respond to the Amended Complaint. Accordingly, the Social Security Administration has not failed to plead or otherwise defend as required for entry of default under Federal Rule of Civil Procedure 55.

Default is also not appropriate against Defendants Trajectory Law Firm and David Bott at this time. Those Defendants must be properly served with a summons and a copy of the Amended Complaint before their time to respond begins. The record does not show proof of service by a server's affidavit in compliance with Rule 4.

Accordingly, Plaintiff's Motion for Entry of Default (doc. 21) is **DENIED**, and Plaintiff's Renewed Motion for Default Judgment (doc. 22) is **DENIED**.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the denial of these motions would not be taken in good faith because the record clearly shows that the requirements for entry of default or default judgment have not been met.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 5, 2026